# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD AND AVA MAJOR,<br><br>                          Plaintiffs,<br>  vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>                          Defendant. | CASE NO. 14-CV-998-LAB-RBB<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS** |

This action arises out of the Majors' default on their mortgage and the subsequent initiation of foreclosure proceedings by Wells Fargo. It was originally filed in state court, and Wells Fargo removed it on April 21, 2014. Now pending are the Majors' motion to remand and Wells Fargo's motion to dismiss.

**I.    Majors' Motion to Remand**

The Majors' motion to remand is based on an alleged lack of subject matter jurisdiction. They argue that there is not complete diversity between the parties and that the amount in controversy requirement is not satisfied. *See* 28 U.S.C. § 1332(a)(1).

**A.    Citizenship of Parties**

There is no doubt that the Majors are citizens of California, and that the citizenship of Ndex is not relevant because it is a nominal party with a nonmonetary role in this case. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) ("[A] federal court must

disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). That means diversity turns on the citizenship of Wells Fargo.

Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The critical word "located" is not defined by the statute and has been the source of considerable debate. *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 708 (9th Cir. 2014) ("The relevant statute is ambiguous, the courts are split on the question, and the Supreme Court has not squarely decided the issue.").

The Majors propose that the Court follow a 2013 decision that held Wells Fargo to be a citizen of both California, where it has its principal place of business, and South Dakota, where its main office is located. *See Vargas v. Wells Fargo Bank N.A.*, 2013 WL 6235575 at *11 (N.D. Cal. Dec. 2, 2013). However, the Ninth Circuit held more recently in *Rouse* that "under § 1348, a national banking association is a citizen only of the state in which its main office is located. Accordingly, Wells Fargo is a citizen only of South Dakota . . .." *Rouse*, 747 F.3d 707 at 715. Following this more recent authority, the Court finds that Wells Fargo is solely a citizen of South Dakota, and that the parties are therefore diverse.

**B.     Amount in Controversy**

Even though there is diversity of citizenship between the Majors and Wells Fargo, the Court would still lack jurisdiction if the amount in controversy does not exceed $75,000. The Majors claim that "the entire loan amount is not in controversy" and that Wells Fargo therefore can't prove the amount in controversy exceeds $75,000. (Mot. to Remand at 12:12-13.) Be that as it may, in a case of this kind where injunctive relief is sought, "the amount in controversy is measured by the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)). Indeed, in actions arising out of the foreclosure of a plaintiff's home, the amount in controversy may be established by the value of the property *or* by the value of the loan. *See, e.g.*, *Chapman v. Deutsche Bank*

- 2 -

*Nat'l Trust Co.*, 651 F.3d 1039, 1045 n. 2 (9th Cir. 2011) ("The object in litigation is the Property, which was assessed at a value of more than $200,000, and therefore satisfies the amount-in-controversy requirement."); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1028 (N.D. Cal. 2010) ("Numerous courts have held that, where a complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount.").

In this case, the Deed of Trust indicates that the Majors borrowed $548,000 against their home, which far exceeds the $75,000 required for diversity jurisdiction. (*See* Notice of Removal, Exh. A) Similarly, the Majors do not allege that the value of the home has dropped below $75,000. Therefore, Wells Fargo has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996).

The amount-in-controversy requirement is therefore satisfied. Removal of this case was proper, and the Majors' motion to remand is **DENIED**.

## II.     Wells Fargo's Motion to Dismiss

The Majors assert six causes of action in their complaint, primarily based on California's Homeowner Bill of Rights ("HBOR"). These causes of action allege violations of at least eight individual statutes. Wells Fargo contests each one under Fed. R. Civ. P. 12(b)(6).

### A.     Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). The Court must accept all factual allegations as true and construe them in the light most favorable to the Majors. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir.2007). To defeat Wells Fargo's motion to dismiss, the Majors' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in the Majors' favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 556 U.S. at 664. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Nor does it suffice if it contains a merely formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

### B. Violation of Cal. Civ. Code § 2923.5

The Majors allege that Wells Fargo violated section 2923.5 by not contacting them as required under the statute to discuss their financial situation or options for avoiding foreclosure. (Compl. ¶ 27.) They also allege that "the boilerplate declaration in the [Notice of Default] that the requirements of California Civil Code Section 2923.5 were met is false." (Compl. ¶ 28.)

Initially, as Wells Fargo points out, section 2923.5 is not applicable to it. The section applies "only to entities described in subdivision (b) of Section 2924.18," namely lenders with fewer than 175 foreclosures in a reporting period. *See* Cal. Civ. Code § 2923.5(g). Wells Fargo, by contrast, given its size, has 175 or more foreclosures in a reporting period and is therefore governed by California Civil Code section 2923.55. *See* Cal. Civ. Code § 2924.18(c).

Section 2923.55 requires a mortgage servicer to contact the borrower to assess the borrower's financial situation and to explore options of avoiding foreclosure. *See* Cal. Civ. Code § 2923.55(b)(2). "A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower' pursuant to

subdivision (c) of Section 2920.5." Cal. Civ. Code § 2923.55(c). Also, the only relief available for a violation of § 2923.55 is the postponement of a foreclosure sale until there has been compliance with the statute. *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 221, 235 (Cal. Ct. App. 2010).

The Majors claim that "[n]one of the Defendants has [sic] contacted the borrower, or attempted to contact the borrower . . . to discuss her [sic] financial situation or options for avoiding foreclosure," and that "[i]n violation of [§ 2923.55] Defendants caused to be executed and recorded the [Notice of Default] even though the required contacts with Plaintiff [sic] had not been made. The boilerplate declaration in the [Notice of Default] that the requirements of California Civil Code section 2923.5 were met is false." (Compl. ¶¶ 27-28.)

As the Court has noted, a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 664. But that is just what the Majors' section 2923.55 claim does. The allegation that Wells Fargo did not contact them prior to initiation of foreclosure proceedings is a formulaic recitation of the statutory requirements framed as a cause of action. *See Twombly*, 550 U.S. at 555. Additional facts need to be alleged, such as: (1) whether the Majors were purposefully avoiding corresponding with Wells Fargo; (2) whether Wells Fargo exercised due diligence in trying to reach the Majors; or (3) whether the Majors received any telephone calls or personal messages from Wells Fargo. *See Newman v. Bank of N.Y. Mellon,* 2013 WL 1499490 at *11 (E.D. Cal. Apr. 11, 2013).

Likewise, the Majors' allegation that "[t]he boilerplate declaration in the [Notice of Default] . . . is false" is a conclusory allegation that merely asserts that Wells Fargo violated the law without any factual allegations for support. Other courts, in fact, have found such a declaration to be sufficient to establish that the lender complied with the statute at the motion to dismiss stage. *See Maguca v. Aurora Loan Servs.*, 2009 WL 3467750 at *2 (C.D. Cal. Oct. 28, 2009); *Juarez v. Wells Fargo Bank, N.A.*, 2009 WL 3806325 at *2 (C.D. Cal. Nov. 11, 2009). Because Wells Fargo delivered the declaration as required by law, signed it under penalty of perjury, and the Majors have asserted no

facts that, if proven, would prove the declaration false, the claim asserted under section 2923.55 (or section 2923.5 as pled by the Majors) is **DISMISSED**.

### C. Violation of Cal. Civil Code § 2924.17

California Civil Code section 2924.17 states that "[b]efore recording or filing any of the [foreclosure-related] documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." The intent of section 2924.17 is to prohibit "the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose." *Marquez v. Wells Fargo Bank, N.A.*, 2013 WL 5141689 at *5 (N.D. Cal. Sept. 13, 2013).

The Majors allege that "the Defendants did not ensure that they had reviewed competent and reliable evidence to substantiate Plaintiff's [sic] default and their right to foreclosure, including the loans status, the loan information, and whether any attempts to discuss the foreclosure prevention alternatives as mandated by [§ 2923.5] had been completed." (Compl. ¶ 30.)

The Majors' claim that Wells Fargo did not ensure that they had reviewed all the information required under section 2924.17 is an intelligible allegation, but as Wells Fargo argues it lacks materiality. The purpose of the statute is to make sure that lenders determine that they have a right to foreclose before initiating foreclosure proceedings. *See Marquez*, 2013 WL 5141689 at *5. And yet the Majors don't appear to dispute that they defaulted on their mortgage and that Wells Fargo has standing to foreclose. In light of this, it's not clear what the injury is here, and, assuming there is one, what relief the Majors would be entitled to. Therefore, the Majors' claims based on California Civil Code section 2924.17 are **DISMISSED**.

### D. Violation of Cal. Civ. Code § 2923.55

California Civil Code section 2923.55, in addition to requiring that a lender contact the borrower prior to foreclosure, requires that a mortgage servicer send a written statement to the borrower to inform the borrower that they may request: (1) a copy of the borrower's promissory note or other evidence of indebtedness; (2) a copy of the

- 6 -

borrower's deed of trust or mortgage; (3) a copy of any assignment required to demonstrate the right of the mortgage servicer to foreclose; and (4) a copy of the borrower's payment history since the borrower was last less than 60 days past due. *See* Cal. Civ. Code § 2923.55. The Majors allege that they requested these documents and did not receive them. (Compl. ¶ 35.)

The irony of the Majors' claim is that they attached a copy of the Deed of Trust, Substitution of Trustee, Notice of Default, and Notice of Trustee's sale to their complaint. (Compl., Exhs. A-D.) Thus, they have some of the very documents their section 2923.55 claim alleges they weren't provided. In fairness, the Majors did not attach a copy of the payment history to their complaint, and may not have been provided one, but that's somewhat irrelevant because there are not allegations Wells Fargo did not properly credit the Majors' account.

Furthermore, the Majors merely allege that they requested the documents "after January 1, 2013." (Compl. ¶ 35.) That is not exact enough. They must allege when the request was made, who made the request, who received the request, and in what manner the alleged request was made. Without this additional information there is no way to determine whether Wells Fargo actually violated the statute, or whether the Majors are simply pleading a naked, formulaic claim. Because the Majors are clearly in possession of some of the relevant documents, and because they have failed to state with any specificity when, where or how Wells Fargo violated section 2923.55, the claim alleging a violation of section 2923.55 is **DISMISSED**.

E.     **Violation of Cal. Civ. Code § 2923.6**

The HBOR attempts to eliminate the practice, commonly known as "dual tracking," whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application. *Rockridge Trust v. Wells Fargo, N.A.*, 2013 WL 5428722 at *3 (N.D.Cal. Sept. 25, 2013). To that end, California Civil Code § 2923.6 provides: "(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the

- 7 -

complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). The section goes on to say that "the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013," unless there has been a "material change in the borrower's financial circumstances." Cal. Civ. Code § 2923.6(g).

The Majors allege that "Defendants have not made a written determination that the Plaintiff [sic] is not eligible for a first lien loan modification, and are in violation of [Cal. Civ. Code § 2923.6]." (Compl. ¶ 39.)

The problem with this claim is that application of the statute is conditional on the borrower actually submitting a complete application for a first lien loan modification, or not being afforded a fair opportunity to be evaluated for a loan modification, and the Majors don't make this allegation. Their claim based on California Civil Code section 2923.6 is therefore **DISMISSED**.

### F. Violation of Cal. Civ. Code § 2923.7

California Civil Code section 2923.7 states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7. The Majors allege that they have "not been provided with the name or information of their 'Case manager'" in violation of California Civil Code § 2923.7. (Compl. at ¶ 40.)

Here again, however, the Majors do not allege that they requested a "foreclosure prevention alternative," and without that allegation presumably Wells Fargo's obligation under section 2923.7 doesn't kick in. Therefore, the Majors' claim under California Civil Code section 2923.7 is **DISMISSED**.

### G. Declaratory Relief Pursuant to Cal. Civ. Code § 2924.12

The Majors allege that "Defendants are in material violation of Cal. Civ. Code section 2924.11, 2924.17, 2923.6, 2923.7 as alleged herein. Thus, Plaintiff [sic], borrower of the subject loan, is able to bring an action for injunction relief [sic] to enjoin

these violations." (Compl. at ¶ 44.)

First, as Wells Fargo points out, injunctive relief is a remedy, not a cause of action unto itself. *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356 (Cal Ct. App. 1981) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."). Second, section 2924.12 is a damages provision that outlines injunctive relief and financial damages for violations of various sections of the HBOR. *See* Cal. Civ. Code § 2924.12. But to the extent the Majors' claims under the HBOR are legally deficient, as the Court has found, it follows that they can't plead any damages. Therefore, the Majors' claim based on section 2924.12 is **DISMISSED**.

### H. Violation of Cal. Civ. Code §§ 2924, 2924.8, 2924(b), 2924(f)

The Majors allege that Wells Fargo "failed to post a copy of the Notice of Trustee's sale on the Plaintiff's [sic] property pursuant to California Civil Code sections 2924, 2924.8, in the manner prescribed under California Civil Code section 2924f." (Compl. ¶ 50.) Similarly, the Majors allege that "Defendants did not provide notice of the Notice of Trustee's sale pursuant to the requirements set out in California's non-judicial statutory scheme codified in Cal. Civil Code section 2924." (Compl. ¶ 53.)

As with the Majors' preceding claims, for example their claim under section 2923.55, these statements are conclusory allegations that merely restate the law as an independent cause of action. The claims are **DISMISSED**.

### I. Violation of Cal. Bus. & Prof. Code § 17200

California Business and Professions Code section 17200 prohibits "unfair competition," which encompasses "any unlawful, unfair or fraudulent" acts. Cal. Bus. & Prof. Code § 17200. Each "prong" provides a "separate and distinct theory of liability." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir.2010). Therefore the statute establishes three varieties of unfair competition: acts or practices that are unlawful, unfair, or fraudulent. *Podolsky v. First HealthCare Corp.*, 50 Cal.App.4th 632, 647 (Cal. Ct. App.1996). The Majors allege that "Defendants engaged in 'unfair,' 'unlawful,' and/or 'fraudulent' business act or practice [sic]" by not complying with the various sections of

- 9 -

the HBOR as alleged in their complaint. (Compl. ¶¶ 57-59.)

First, to be "unlawful" under section 17200, the conduct must violate another "borrowed" law. *Cel–Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (Cal. 1999) ("[S]ection 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.") (internal quotation marks omitted). The Majors' claim that Wells Fargo's alleged violations of the HBOR are unlawful business practices fails because the Court has found each of those claims to be legally deficient.

The definition of an "unfair" business act is slightly more elusive. One definition is an act that "offends an established public policy" or that "is immoral, unethical, oppressive, unscrupulous or substantially injurious to customers." *Paduano v. American Honda Motor Co., Inc.*, 169 Cal.App.4th 1453, 1469 (Cal. Ct. App. 2009). An unfair act may also be one in which "(1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal.App.4th 1235, 1255 (Cal. Ct. App. 2009). Unfortunately, the Majors plead no facts to match these definitions of an unfair business act.

Finally, a business practice is "fraudulent" under section 17200 if members of the public are likely to be deceived. *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal.App.4th 638 (Cal. Ct. App. 2008). The challenged conduct "is judged by the effect it would have on a reasonable consumer." *Id.* (internal citation and quotation marks omitted). The Majors have pled no facts that lead the Court to believe that a reasonable consumer would be mislead by Wells Fargo's actions. Therefore, the Majors' allegations of "fraudulent" business acts fail as well.

Because the Majors have failed to adequately state a claim alleging that Wells Fargo committed any unlawful, unfair, or fraudulent business practices, their claims based on California Business and Professions Code section 17200 are **DISMISSED.**

//
//

III.     Conclusion

All of the Majors' claims are **DISMISSED**, but the dismissals are **WITHOUT PREJUDICE** in order that the Majors may amend them.. Rule 15 of the Federal Rules of Civil Procedure advises that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).  This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

The Majors are admonished, however, to heed the many arguments raised by Wells Fargo in its motion to dismiss and adopted by the Court in this Order.  The Court well understands that the Majors are frustrated by the threat of losing their home to foreclosure proceedings.  At the same time, their complaint is a transparent attempt to frustrate that process by pleading as many violations as possible in the hope that something might stick.  That is not the right strategy.  Their amended complaint must plead the facts with far greater specificity, and it should focus only on those legal claims that follow clearly from the facts alleged.  Their amended complaint must be filed within two weeks of the date this Order is entered.  The failure to file an amended complaint will result in the dismissal of this case *with* prejudice.

**IT IS SO ORDERED.**

DATED: August 15, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge