# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAJOR, et al.,<br><br>         Plaintiffs,<br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>         Defendants. | CASE NO. 14cv998-LAB (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WELLS FARGO'S MOTION TO DISMISS** |

This action arises out of the Majors' default on their mortgage and Wells Fargo's subsequent initiation of foreclosure proceedings. The Court dismissed the Majors' original complaint, and the Majors filed a First Amended Complaint (FAC). (Docket no. 19.) Wells Fargo has filed a motion to dismiss the FAC. (Docket no. 20.)

**I.    Factual Background**

After the Majors defaulted on their mortgage, Wells Fargo recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") on February 1, 2013, a Notice of Trustee's Sale on May 2, 2013, and a second Notice of Trustee's Sale on March 10, 2014. The Majors' lawsuit is based primarily on Wells Fargo's alleged violations of the California Homeowner Bill of Rights (HBOR). Specifically, the Majors allege that defendants:

(1)   never contacted them, or attempted to contact them to explore options of avoiding foreclosure, as required by California Civ. Code § 2923.55;

|   |   |   |
|---|---|---|
| (2) | noticed a sale on their home without first making a determination regarding their eligibility for a loan modification, in violation of California Civil Code § 2923.6; |
| (3) | haven't provided them a single point of contact regarding the sale of their home, in violation of California Civil Code § 2923.7; |
| (4) | failed to provide the notice of sale required by California Civil Code §§ 2924 and 2924f; and |
| (5) | violated California Business and Professions Code § 17200 by violating the above-referenced statutes. |

The Majors' FAC adds factual allegations and addresses many of the deficiencies the Court previously noted. Wells Fargo moves to dismiss. It contends that, after commencing this lawsuit, the Majors submitted a loan modification application and their home has not been sold. Wells Fargo also alleges that the Majors previously modified their loan, making them ineligible for relief under California Civil Code § 2923.6.

**II.     Discussion**

**A.     Legal Standard**

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must accept all factual allegations as true and construe them in the light most favorable to the Majors. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat Wells Fargo's motion to dismiss, the Majors' factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must draw all reasonable inferences in the Majors' favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted).

/ / /

### B.     Cal. Civ. Code § 2923.55

The Majors allege that defendants violated § 2923.55 by recording the NOD without establishing contact to discuss alternatives to foreclosure. Section 2923.55(b) requires that:

> A mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.

Section 2923.55(f) sets out the "due diligence" requirements for reaching a borrower prior to recording a notice of default. "A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant . . . until . . . [e]ither 30 days after initial contact is made as required by paragraph (2) of subdivision (b) or 30 days after satisfying the due diligence requirements as described in subdivision (f)." Cal. Civ. Code § 2923.55(a)(2). "The only relief available for a violation of § 2923.55 is the postponement of a foreclosure sale until there has been compliance with the statute." *Croshal v. Aurora Bank, FSB*, 2014 WL 2796529, at *7 (N.D. Cal. June 19, 2014).

Wells Fargo argues that the Majors' § 2923.55 claim should be dismissed because the defendants complied with the contact requirement, and, in any event, the Majors have not been prejudiced by the alleged violation.

#### 1.     Certificate of Compliance

Wells Fargo contends that its declaration of compliance with § 2923.55's contact requirement defeats the Majors' generic claim that there was no compliance. The Court agreed with this argument when it dismissed the Majors' initial complaint, explaining:

> The allegation that Wells Fargo did not contact them prior to initiation of foreclosure proceedings is a formulaic recitation of the statutory requirements framed as a cause of action. Additional facts need to be alleged, such as: (1) whether the Majors were purposefully avoiding corresponding with Wells Fargo; (2) whether Wells Fargo exercised due diligence in trying to reach the

1 | Majors; or (3) whether the Majors received any telephone calls or personal messages from Wells Fargo.

(Docket no. 18 at 5:14-21.) (citations omitted). But, the FAC specifically addresses these deficiencies. It alleges:

> The Plaintiff was not avoiding correspondence with Defendants. Indeed, Plaintiff needed help as Plaintiff was undergoing a separation and divorce, which was the cause of Plaintiff's financial hardship. WELLS FARGO did not exercise due diligence in trying to reach Plaintiff as WELLS FARGO did not send a letter by first class mail that included a toll free number made available by HUD to the Plaintiff. Additionally, WELLS FARGO did not make three (3) attempts to contact the Plaintiff by phone to the primary number on the file. Additionally, WELLS FARGO did not send a certified letter to the borrowed, with return receipt requested.

(Docket no. 19, 27.) Accepting the Majors' factual allegations as true and construing the pleadings in the light most favorable to them, the Majors' allegations are sufficient to defeat a motion to dismiss on their § 2923.55 claim. *See Davis v. U.S. Bank Nat. Ass'n*, 2015 WL 2124938, at *7 (C.D. Cal. May 6, 2015) ("the mere existence of an NOD Declaration that references § 2923.55's requirements, or contradicts allegations in Plaintiff's Complaint, does not entitle Defendant to dismissal of Plaintiff's claim.").

### 2. Prejudice to the Majors

Wells Fargo argues that the Majors have not been prejudiced by the alleged § 2923.55 violation because, after this lawsuit was filed, they submitted a loan modification application to Wells Fargo and their home has not been sold at public auction. But, this argument relies on facts that the Court can't consider because they are not presented in the FAC or the proper subject of judicial-notice. *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003). While Wells Fargo submits the loan modification application as evidence, the document was not publicly recorded or otherwise judicially-noticeable. Thus, the Court **DENIES** Wells Fargo's motion to dismiss the § 2923.55 claim.

### C. Cal. Civ. Code § 2923.6

The HBOR attempts to eliminate the practice commonly known as "dual tracking," whereby financial institutions continue to pursue foreclosure while evaluating a borrower's

loan modification application. *Rockridge Trust v. Wells Fargo, NA*, 2013 WL 5428722 at *3 (N.D. Cal. Sept. 25, 2013). To that end, California Civil Code § 2923.6 provides: "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). The Majors allege that Wells Fargo noticed a sale on their home without first making a determination regarding their eligibility for a loan modification.

Wells Fargo's motion to dismiss alleges that the Majors' loan was modified on May 13, 2008 and, therefore, their § 2923.6 claim fails. *See* Cal. Civ. Code § 2923.6(c)(3) (providing that § 2923.6 doesn't apply when a borrower accepts and defaults on a modification); *see also* Cal. Civ. Code § 2923.6(g) (exempting loan servicers from evaluating a modification application if the borrowers were evaluated for a loan modification prior to January 1, 2013). But the FAC makes no mention of the Majors' alleged prior modification or default, and the Court is bound to review only the pleadings and any judicially-noticeable documents at this stage of the litigation. *Corvello v. Wells Fargo, NA*, 728 F.3d 878, 885 (9th Cir. 2013) (per curiam) (noting that while facts in the defendant's possession might indicate it properly denied plaintiffs' loan modifications, they could not be considered at the motion to dismiss stage). The 2008 loan modification was not publicly recorded and contradicts the allegations made in the FAC. It is not judicially-noticeable. *See* Fed. R. Evid. 201(b) (providing that a court may not take judicial notice of a fact that is "subject to reasonable dispute"). The Court **DENIES** Wells Fargo's motion to dismiss the § 2923.6 claim.

### D. Cal. Civ. Code § 2923.7

California Civil Code § 2923.7 states that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." An alleged § 2923.7 violation can be remedied by postponement of the foreclosure sale. *Ha v. Bank of Am., NA*, 2014 WL

3616133, at *7 n.75 (N.D. Cal. July 22, 2014). The Majors allege that they haven't been provided with a single point of contact.

Wells Fargo argues that the Majors' § 2923.7 claim should be dismissed because the FAC doesn't allege that they requested a single point of contact. However, the statute isn't triggered by a request for a single point of contact; it's triggered by a request for a foreclosure prevention alternative. *Mungai v. Wells Fargo, NA*, 2014 WL 2508090, at *9 (N.D. Cal. June 3, 2014) ("Under the plain meaning of the statute, a mortgage servicer's obligation to establish a single point of contact is triggered 'upon request from a borrower who requests a foreclosure prevention alternative,' not upon request from a borrower who requests a single point of contact."). The FAC alleges that the Majors requested a foreclosure prevention alternative. The Court **DENIES** Wells Fargo's motion to dismiss the § 2923.7 claim.

### E.    Cal. Civ. Code §§ 2924 and 2924f

California Civil Code §§ 2924 and 2924f prescribe notice requirements for the sale of property after a default. Section 2924f explains

> [a] copy of the notice of sale shall also be posted in a conspicuous place on the property to be sold at least 20 days before the date of sale, where possible and where not restricted for any reason. If the property is a single-family residence the posting shall be on a door of the residence, but, if not possible or restricted, then the notice shall be posted in a conspicuous place on the property.

"However, the notice requirements are waived if actual notice is received." *Manantan v. Nat'l City Mortgage*, 2011 WL 3267706, at *9 (N.D. Cal. July 28, 2011). "[T]he remedy for a violation of § 2924 is the postponement of the foreclosure sale." *Bennett v. Wells Fargo, NA*, 2013 WL 4104076, at *5 (N.D. Cal. Aug. 9, 2013).

The Majors allege that Wells Fargo never provided this required notice. (Docket no. 19, 38.) But, they attach the two notices as exhibits to the FAC, demonstrating that they had sufficient notice of the documents on the date that they filed the FAC, at the latest. *See Manantan*, 2011 WL 3267706, at *9. The Majors don't allege that their home was sold within 20 days before they received this notice. Thus, the FAC doesn't state a claim under §§ 2924 and 2924f . The Court **GRANTS** Wells Fargo's motion to dismiss the §§ 2924 and 2924f claims.

    **F.**    **Cal. Bus. & Prof. Code § 17200**

California Business and Professions Code § 17200 prohibits "unfair competition," which encompasses "any unlawful, unfair or fraudulent" acts. Cal. Bus. & Prof. Code § 17200. Each "prong" provides a "separate and distinct theory of liability." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010). An act is "unlawful" under Section 17200 where the conduct violates another "borrowed" law. *Cel-Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The Majors base their § 17200 claim on Wells Fargo's alleged violations of the HBOR. Because the Court denies Wells Fargo's motion to dismiss the Majors' claims under §§ 2923.55, 2923.6, and 2923.7, the Court **DENIES** its motion to dismiss the § 17200 claim as well.

    **G.**    **Cautionary Note**

Although the Court cannot dismiss some of the Majors' claims because Wells Fargo's evidence can't be considered a this stage of the case, the Court observes that the Majors' counsel has both an obligation to investigate his clients' allegations and an obligation not to plead a claim that he learns is without factual or legal support. Fed. R. Civ. P. 11(b). If counsel is aware of facts that bar the Majors' claims—such as a prior loan modification or the postponement of the sale of the Majors' home, as Wells Fargo contends in its motion—and pursues the claim without a non-frivolous argument that the claim is nevertheless viable, "counsel treads on perilous ground." *Medrano v. Caliber Homes Loans, Inc.*, 2014 WL 7236925, at *8 (C.D. Cal. Dec. 19, 2014); *see also* Fed. R. Civ. P. 11(c).

**III.**    **Conclusion**

Wells Fargo's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The FAC sufficiently states a claim under California Civil Code §§ 2923.55, 2923.6, and 2923.7 and California Business and Professions Code § 17200. If the Majors think they can successfully amend their complaint, they must seek leave by ex parte motion no later than June 8, 2015. Their proposed second amended complaint must be attached as an exhibit to the motion. If they file such a motion, Wells Fargo shall have until June 22, 2015 to oppose it. No reply should be filed unless leave is obtained in advance. The Majors and

their counsel should consider the Court's cautionary note if they file a second amended complaint, or otherwise continue to pursue this action.

**IT IS SO ORDERED**.

DATED: May 21, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge